UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD W. MCGATHEY,

        Plaintiff,

v.                         Case No: 2:17-cv-56-FtM-29MRM

JOSEPH  OSINGA,  CHRISTINA
CASTELL,  BOBBY  BEVERLY,
DAVID  DUNN,  KYLE  NASBY,
WILLIAM  PRUMMELL,  HOWARD
NUZUM,  CHRISTINA  CASTILLE,
and JOSEPH GAUDETTE,

        Defendants.
_____

### OPINION AND ORDER

Plaintiff, an inmate at the Charlotte County Jail in Punta Gorda, Florida, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Joseph Osinga, Christina Casteel[1], Bobby Beverly, David Dunn, Kyle Nasby, William Prummell, and Howard Nusum (Doc. 1, filed January 27, 2017).  Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2).

Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his complaint to determine whether it is

_____

[1] Plaintiff lists both Christina Casteel and Christina Castille as defendants.  Plaintiff has filed a motion explaining that this defendant is one person named Christa Castell (Doc. 7, filed February 6, 2017).

frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

For the reasons given in this Order, the claims raised in the complaint are dismissed without prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Should the facts support a constitutional cause of action, Plaintiff may file an amended complaint.

## I.   Complaint

Plaintiff alleges the following:  Some time in December of 2016, Defendant Osinga purposely spilled juice on Plaintiff's arm and sweater (Doc. 1 at 5). On December 13, 2016, Plaintiff was called to meet with (indecipherable) Care. Id. Defendant Osinga told Plaintiff that he could not bring his legal work with him, but Officer DeHart told Defendant Osinga that Plaintiff could take it. Id.  Defendant Osinga then took Plaintiff's folder and searched it, and told Plaintiff "who runs this pod." Id. at 5-6. Plaintiff asked "several officers" to allow him to speak with someone in authority because he was fearful of Defendant Osinga, but he was told that nobody was available. Id. at 6.

When Plaintiff returned to his cell, some of his "canteen" had been crushed and something had been poured on his sweatshirt (Doc. 1 at 6). Plaintiff saw "three 6's on [his] top bunk." Id. Defendant Osinga came back to the cell and made menacing faces and threats through his window "and wanted to read [Plaintiff's]

grievance against him." Id.   Plaintiff told him to step away from the window, and Defendant Osinga sneered at him and left.   Id.

After Plaintiff straightened his room he saw a "large satanic symbol" on his wall (Doc. 1 at 6).   He called Officer Nasby to show him the symbol and asked for a supervisor to come see it and take photographs.   Id.   Plaintiff was told there were no supervisors available, and Officer Nasby gave him three request forms to fill out. Id. at 8.   Plaintiff turned in his grievances in which he demanded that photographs of the marks be taken, and criminal charges pressed. Id.   Officer Nasby continued to refuse Plaintiff's request for a supervisor.

The next morning, after Plaintiff's father contacted the jail, Defendant Beverly, Officer Murray, and Defendant Dunn came to Plaintiff's cell to look at the symbol on the wall(Doc. 1 at 8).   Officer Murray asked Plaintiff what was "going on between [Plaintiff] and Officer Osinga?" Id.   Defendant Dunn opined that the symbol was "fresh" and had been made with a Sharpie marker. Id.   Defendants Beverly and Dunn returned later to clean the symbol. Id.   Plaintiff told Defendants Beverly and Dunn that he wanted pictures taken and charges filed. Id.   Defendant Beverly "smirked," but agreed that the symbol was a "hate crime." Id. Defendants Beverly and Dunn left, but returned and told Plaintiff that they were ordered by Defendant Castille to remove the markings from the cell wall without taking pictures. Id.   Both defendants

were "very uneasy" about this, but stated that they were ordered
bremoved the markings from Plaintiff's wall.

Plaintiff continued to write grievances regarding the
incident (Doc. 1 at 8).  On December 21, 2016, Lieutenant Gaudette
and Sargent Hardin met with Plaintiff to discuss the incident. Id.
at 7.   Gaudette told Plaintiff that he had not received the
grievance forms and was unaware of the situation. Id. at 7.
Plaintiff asserts that, he has been "stalled" by jail personnel.
Id.

Plaintiff asserts that Defendant Nuzum returned a letter
addressed to the Sheriff's Office that was sealed and marked "legal
mail." (Doc. 1 at 7).   Defendant Nuzum told Plaintiff that the
letter needed to be "opened and legal mail being marked off." Id.
After Plaintiff complied with that rule, Defendant Nuzum told
Plaintiff that the letter had to be on a request form. Id.  Officer
Shark told Plaintiff that the jail was out of request forms, but
Captain Turney said that it was okay for Plaintiff to send legal
mail to her. Id.

Plaintiff asserts that he has become depressed and anxious as
a result of the defendants' actions.  He alleges that the mental
health staff is threatening to put him into a direct observation
unit.  Plaintiff believes that Defendant Osinga has placed a curse
on him.  Plaintiff says that he is unable to properly function and
is paranoid. Id.

Plaintiff wants the officers at the jail to be held accountable for his pain and suffering and "the maximum amount that can be awarded." (Doc. 1 at 10).  He also wants punitive damages.  <u>Id.</u>  Finally, Plaintiff asks that the defendants be criminally charged.  <u>Id.</u>

## II.  **Legal Standards**

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915.  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion
> thereof, that may have been paid, the court
> shall dismiss the case at any time if the court
> determines that-
>
> >   (A)   the allegation of poverty is untrue;
> >         or
> >
> >   (B)   the action or appeal-
> >
> > >     (i)     is      frivolous     or
> > >             malicious;
> > >
> > >     (ii)    fails to state a claim on
> > >             which  relief  may  be
> > >             granted; or
> > >
> > >     (iii)   seeks  monetary  relief
> > >             against a defendant who
> > >             is  immune  from  such
> > >             relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

In the case of a pro se action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, pro se litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983.  To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).  In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

### a. Plaintiff cannot receive compensatory or punitive damages in this action

Plaintiff cannot obtain the relief he seeks.  Plaintiff seeks monetary and punitive damages against each defendant (Doc. 1 at 10).  However, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Plaintiff was confined at the Charlotte County Jail when he filed this action. Id. at 1.

The Eleventh Circuit has addressed the implications of §
1997e(e) and concluded that "the phrase 'Federal civil action'
means all federal claims, including constitutional claims."
Napier v. Preslicka, 314 F. 3d 528, 532 (11th Cir. 2002) (citing
Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)).
The instant § 1983 action is a "Federal civil action" under this
definition.   Further, it is undisputed that Plaintiff filed his
complaint while imprisoned, and that the harm complained of
occurred while in custody.   Plaintiff seeks damages for the
distress and mental injuries he suffered as a result of the
defendants' conduct.   However, he alleges no physical injury.
Accordingly, Plaintiff's claims for compensatory and punitive
damages must be dismissed with prejudice.[2]

---

[2] To the extent Plaintiff seeks only nominal damages of one
dollar, he is not barred under § 1997e(e).   In Hughes v. Lott, 350
F.3d 1157 (11th Cir. 2003), the Eleventh Circuit concluded that §
1997e(e) does not bar suits by prisoners who have not alleged a
physical injury if they seek nominal damages—generally of one
dollar.   See Nix v. Carter, Case No. 5:10-cv-256 (CAR), 2013 WL
432566, at *2 (M.D. Ga. Feb. 1, 2013) ("Nominal damages are
appropriate if a plaintiff establishes a violation of a fundamental
constitutional right, even if he cannot prove actual injury
sufficient to entitle him to compensatory damages.") (citing
Hughes, 350 F.3d at 1162); Carey v. Piphus, 435 U.S. 247, 266-67
(1978) (if plaintiffs were entitled to nominal damages, the damages
should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695,
697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm,
are an appropriate means of vindicating rights whose deprivation
has not caused actual, provable injury.").

**b.  Plaintiff cannot petition this Court to initiate criminal proceedings against any party**

Plaintiff asks this Court to press criminal charges against the defendants.  This is not a cognizable § 1983 claim. "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." Ellen v. Stamm, 951 F.2d 359 (9th Cir. 1991); Maine v. Taylor, 477 U.S. 131, 137 (1986) ("[P]rivate parties, and perhaps even separate sovereigns, have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Accordingly, Plaintiff's request that this Court initiate criminal charges against the defendants will be dismissed with prejudice.

**c.  Plaintiff has not stated a claim against Defendant Prummell**

Plaintiff's only allegation against Defendant Prummell is his parenthetical statement: "(Sheriff Prummell – allowing officers to intimidate (indecipherable))" (Doc. 1 at 7).  Plaintiff does not allege that Defendant Prummell was aware of, or approved of, the alleged intimidation.  To the extent Plaintiff wants to hold Defendant Prummell liable for the acts of his subordinates, it is well settled that "[t]here is no *respondeat superior* liability

under § 1983." Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995), citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-92 (1978) and LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993); Marsh v. Butler County, Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (recognizing that a "Sheriff can have no respondeat superior liability for a section 1983 claim."), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007).

To be sure, while "[s]upervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability[,]" they may nonetheless be liable "when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396-97 (11th Cir. 1994) (citations omitted). That is, "[s]upervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is [some other] causal connection." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). As explained above, Plaintiff has not alleged facts showing that Defendant Prummell participated in wrongful behavior. Nor does he plausibly allege facts demonstrating that Defendant Prummell developed, or knowingly sanctioned, a policy of doing so. Thus, the only conceivable basis for Plaintiff's constitutional claims against this defendant is mere supervisor liability, and such a claim cannot stand in a § 1983 action. Accordingly, the constitutional

claims against Defendants Prummell are dismissed from this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6).

### c. Plaintiff has not stated a claim against Defendants Beverly, Dunn, Nasby, or Castille

Plaintiff's only allegations against Defendants Beverly and Dunn are that they met with him the day after the alleged incident and later cleaned the markings from the wall of Plaintiff's cell at Defendant Castille's direction. Plaintiff's only claim against Defendant Nasby is that he ignored his demands that a supervisor be brought to view the marks and instead gave him forms to fill out. Plaintiff's only claim against Defendant Castille is that she ordered the offensive markings cleaned from the wall of Plaintiff's cell.

None of the acts is unconstitutional. Likewise, Plaintiff had no constitutional right to have the allegedly offensive marking photographed. Accordingly, Plaintiff's allegations against Defendants Beverly, Dunn, Nasby, and Castille are dismissed for failure to state a claim upon which relief may be granted.

### d. Plaintiff has not stated a claim against Defendant Corporal Nuzum

Plaintiff asserts that Defendant Nuzum has "intercepted" some of his grievances and returned a letter "sent to Sheriff's Office sealed and marked legal mail, stating that it had to be opened and legal mail being marked off." (Doc. 1 at 7). Later Defendant

Nuzum told Plaintiff that his grievance letter needed to be on a request form, but the jail was out of request forms.  Id.

First, a prisoner "does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Thomas v. Warner, 237 F. App'x 435, 437 (11th Cir. 2007).  Therefore, Plaintiff's allegations that Defendant Nuzum failed to comply with the jail's voluntary grievance procedures does not state a constitutional claim.

Next, an inmate's allegations concerning the treatment of his mail may implicate a free speech claim under the First Amendment. "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing City of Cincinnati v. Discovery Network, Inc., 507 U.S. 410, 427 (1993)).  However, an isolated incident of interference with a prisoner's mail generally is insufficient to establish a constitutional violation.  Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).  Rather, the inmate must show that a prison official "regularly and unjustifiably interfered" with the inmate's incoming mail. Id. (citations omitted); Huey v. Philbin, Case No. 7:12-cv-97 (HL), 2013 WL 3816684, at *6 (M.D. Ga. July 22, 2013) ("Plaintiff's allegation that on one occasion he did not receive his American's Sovereign Bulletin does not rise to the level of a constitutional violation, and therefore Plaintiff has failed to state a First Amendment

claim"); <u>Pro v. Bandy</u>, Case No. 2:08-cv-0175-RWS, 2008 WL 4445080, at *3 (N.D. Ga. Sept. 25, 2008) ("allegations of sporadic interference with incoming mail are insufficient to state a First Amendment claim"); <u>McKinnon v. James</u>, No. Civ. A. 3:03CV2274/SRU, 2005 WL 1074466, at *3 (D. Conn. May 5, 2005) ("To state a claim for the violation of [the First Amendment right to free flow of mail] . . . an inmate must allege more than a single instance of interference with his mail.").

Plaintiff's allegations against Defendant Nuzum do not reflect that he "regularly and unjustifiably" interfered with Plaintiff's mail; rather, the alleged interference by Defendant Nuzum appears to have occurred on only one occasion. The allegations against Defendant Nuzem are due to be dismissed for failure to state a claim upon which relief may be granted.

### e. Plaintiff has not stated a claim against Defendant Osinga

Plaintiff asserts that Defendant Osinga spilled juice on him on purpose, unsuccessfully tried to prevent him from taking his legal work to (undecipherable) care, and told Plaintiff "who runs the pod." (Doc. 1 at 5-6). None of these actions violated Plaintiff's constitutional rights. Plaintiff suggests that Officer Osinga drew an offensive mark on the wall of his cell and otherwise vandalized his belongings. <u>Id.</u>

To the extent Plaintiff believes that his constitutional rights were violated merely because Defendant Osinga (or somebody

else) drew an offensive mark on his wall, crushed his canteen purchases, or spilled something on his sweatshirt, he is wrong. See Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981) (allegations of harassment, embarrassment and defamation are not cognizable under § 1983), abrogated on other grounds by Haygood v. Younger, 769 F.2d 1350, 1356 (9th Cir. 1985); Graves v. North Dakota State Penitentiary, 325 F.Supp.2d 1009 (D. N.D. 2004) (dismissing as frivolous claim that prisoner's civil rights were violated when he was shown a racially insensitive drawing).

Although a prisoner can establish a First Amendment retaliation claim if he shows that he has been penalized for exercising the right of free speech (such as by filing grievances), Plaintiff does not allege that Defendant Osinga's alleged actions were in retaliation for Plaintiff exercising his free speech rights. Rather, Plaintiff told Officer Murray that he did not know why Defendant Osinga would vandalize his cell (Doc. 1 at 8).

The allegations against Defendant Osinga are due to be dismissed for failure to state a claim upon which relief may be granted.

## III. Conclusion

Although Plaintiff's complaint fails to state a claim, in an abundance of caution, he will be provided an opportunity to file an amended complaint that comports with the strictures of this

Order and seeks only nominal damages of one dollar.  <u>See</u> <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), <u>overruled as to counseled plaintiffs by</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Should Plaintiff decide to file an amended complaint, it must be submitted within **TWENTY-ONE (21) DAYS** from the date on this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint.

*If Plaintiff does not file an amended complaint within this time period or the amended complaint does not comply with this Order, the amended complaint will be dismissed without prejudice and the case will be closed.*

**DONE** and **ORDERED** in Fort Myers, Florida on this ___22nd___ day of March, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Todd McGathey