UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TODD W. MCGATHEY,

    Plaintiff,

v.                             Case No: 2:17-cv-56-FtM-29MRM

JOSEPH OSINGA,

    Defendant.
_____

## ORDER OF DISMISSAL

Plaintiff, an inmate at the Charlotte County Jail in Punta Gorda, Florida, initiated this action on January 27, 2017 by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Joseph Osinga, Christina Casteel, Bobby Beverly, David Dunn, Kyle Nasby, William Prummell, and Howard Nusum (Doc. 1). After conducting a review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court concluded that Plaintiff had not stated a claim against any named defendant and that he sought monetary damages for mental distress (Doc. 13). However, in an abundance of caution, Plaintiff was given leave to file an amended complaint seeking only nominal damages. Id.

Plaintiff filed an amended complaint (Doc. 14) and a second amended complaint against Defendant Osinga (Doc. 17). Plaintiff's second amended complaint is the operative complaint before this Court. In his second amended complaint, Plaintiff does not

explain the events giving rise to his claims. Instead, he directs this Court to a report entitled "Internal Affairs Internal Investigation I.A. 17-1 Corrections Deputy Joseph Osinga" (incident report) (Doc. 17-1). Upon review of Plaintiff's second amended complaint and the report, the Court concludes that Plaintiff's federal claims must be dismissed for failure to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over any state-law claim.

## I. Complaint

Because Plaintiff does not describe Defendant Osinga's allegedly unconstitutional activities in his second amended complaint, the Court may rely on the 22-page incident report attached to the complaint. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.")(citing Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009)).

The incident report summarizes an investigation of an incident that occurred on December 13, 2016. On that date, Plaintiff was pulled from his cell for a professional visit. As Plaintiff was leaving his cell, Defendant Osinga conducted a search of Plaintiff's legal materials and found a stack of about thirty

grievance forms. Defendant Osinga confiscated all but one form, and told Plaintiff that the forms would be handed out as needed (Doc. 17-1 at 4). Defendant Osinga became suspicious that Plaintiff may have other contraband in his cell and initiated a search of the cell. Id. at 5. During the search, Defendant Osinga un-knotted Plaintiff's sheets, and emptied the contents of three paper bags of commissary items and paperwork on Plaintiff's bunk. Id. Defendant Osinga confiscated several contraband items from the cell and disposed of these items and of empty commissary bags. Id. He then rearranged the playing cards on Plaintiff's bunk into a "666" before he exited the cell. Id. Defendant Osinga did not straighten up Plaintiff's cell after the search. When Plaintiff reported this incident, he complained about the rearrangement of his playing cards and also alleged that his sweater was "sopping wet" when he returned from his professional visit and that a satanic star had been drawn on his cell wall while he was gone. Id. at 9. When he was interviewed about the incident, Defendant Osinga admitted that he rearranged the playing cards as a joke and left Plaintiff's cell in disarray after searching it, but denied touching Plaintiff's sweater or drawing anything on the cell wall. Id. at 17-19.

At the conclusion of the investigation, the investigator determined that a preponderance of the evidence indicated that Defendant Osinga violated Charlotte County Sheriff's Office policy

when he rearranged Plaintiff's playing cards and left Plaintiff's cell in unreasonable order after searching for contraband (Doc. 17-1 at 20-21).

Plaintiff's only statement in the second amended complaint regarding Defendant Osinga's allegedly unconstitutional actions is the following:

> [Th]he defendant knew about my mental and about my fear of demons, my information w/ clergy the [psychosis] it puts me in [and] purposefully targeted me.

(Doc. 17 at 4). Under the "injuries" section of his complaint, Plaintiff asserts that because of Defendant Osinga's actions, he (Plaintiff) stopped taking his psychiatric medication and "the withdrawals were horrendous. The demonic spirits overtook me again. I was truly fearful for my life." Id. at 17. Plaintiff asserts that Defendant Osinga violated his freedom of speech, freedom of religion, committed a hate crime, violated the Americans with Disabilities Act of 1990, committed intentional infliction of emotional distress, demonstrate malfeasance by a jailor, and made a "threat by intimidation" under Florida law.

Plaintiff seeks $87.00 in compensation for canteen purchases and $100,000 for "physical and mental pain and suffering." Id.

## II. Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint

that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

In the case of a pro se action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, pro se litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

#### a. Plaintiff cannot receive compensatory or punitive damages in this action

Plaintiff cannot obtain the relief he seeks. Plaintiff seeks monetary and punitive damages against Defendant Osinga (Doc. 17 at 5). However, as was clearly explained to Plaintiff in this Court's earlier order of dismissal, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional

facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff was confined at the Charlotte County Jail when he filed this action. Id. at 1.

The Eleventh Circuit has addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier v. Preslicka, 314 F. 3d 528, 532 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). The instant § 1983 action is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while in custody. Plaintiff seeks damages for the distress he suffered as a result of the defendants' conduct. However, he alleges no physical injury other than the pain caused by his own decision to discontinue his psychiatric medication. Accordingly, Plaintiff's claims for compensatory and punitive damages must be dismissed with prejudice.

   **b. Plaintiff cannot petition this Court to initiate criminal proceedings against any party**

Plaintiff asserts that a "hate crime" occurred and appears to ask this Court to press criminal charges against Defendant Osinga (Doc. 17 at 3). As was clearly explained to Plaintiff in this Court's first order of dismissal (Doc. 13), this is not a

cognizable § 1983 claim. "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." Ellen v. Stamm, 951 F.2d 359 (9th Cir. 1991); Maine v. Taylor, 477 U.S. 131, 137 (1986) ("[P]rivate parties, and perhaps even separate sovereigns, have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, Plaintiff's request that this Court initiate criminal charges against the defendants is dismissed with prejudice.

    **c.    Plaintiff has not stated an Americans with Disabilities Act (ADA) claim**

Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title II of the ADA prohibits a "public entity" from discriminating against "a qualified individual with a disability" on account of the individual's disability. Id. In order to establish a prima facie case under the ADA, the Plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise

discriminated against by a public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of his disability. <u>Bircoll v. Miami-Dade County</u>, 480 F.3d 1072, 1083 (11th Cir. 2007). An ADA claim may proceed on the theory that the Defendant failed to reasonably accommodate the Plaintiff's disability. <u>See</u> <u>Schwarz v. City of Treasure Island</u>, 544 F.3d 1201, 1212 n. 6 (11th Cir. 2008).

In the instant case, Plaintiff alleges that he is mentally ill, but he does not sue a "public entity" or assert that he was excluded from participation of any service, program, or activity as a result of his mental illness. Rather, Plaintiff's ADA claim appears to be based upon an assertion that Defendant Osinga knew, or should have known, that his actions would be offensive because of Plaintiff's mental illness. However, Defendant Osinga's alleged actions did not deprive Plaintiff of the "benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. Rather, Defendant Osinga's actions merely offended Plaintiff. This does not state an ADA claim. Accordingly, Plaintiff's ADA claim is dismissed.

### e. **Plaintiff has not stated a "Freedom of Religion" claim against Defendant Osinga**

Plaintiff mentions, without explanation, his "freedom of religion" in his second amended complaint (Doc. 17 at 3). Prisoners must be provided reasonable opportunity to exercise

their religious freedoms guaranteed under the First Amendment. Hudson v. Palmer, 468 U.S. 517, 517 (1984). Congress enacted the Religious Freedom Restoration Act (RFRA) to provide broad protection for religious liberty. See Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2760 (2014). Under the statute, the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb–1(a). To state an RFRA claim, Plaintiff must show that his exercise of religion has been substantially burdened by a government rule or policy. An individual's exercise of religion is "substantially burdened" if a regulation completely prevents the individual from engaging in religiously mandated activity, or if the regulation requires participation in an activity prohibited by religion. See Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004).

The investigation report indicates that Defendant Osinga left Plaintiff's cell in disarray after a search for contraband and rearranged his playing cards to "666." Plaintiff told the investigators that Defendant Osinga also spilled something on his sweater and drew a star on his wall, although Defendant Osinga denied doing either (Doc. 17-1 at 9). It is clear that Plaintiff found Defendant Osinga's actions offensive; however, these allegations do not show that anyone at the Charlotte County Jail

"substantially burdened" his practice of religion. Accordingly, Plaintiff has not stated an RFRA claim. <u>Bowen v. Roy</u>, 476 U.S. 693, 707–08 (1986) (finding no substantial burden where government action interfered with, but did not coerce, an individual's religious beliefs); <u>Lyng v. Northwest Indiam Cemetery Protective Ass'n</u>, 405 U.S. 439 (1988) (same).

### f. Plaintiff's has not stated a constitutional claim against Defendant Osinga

To the extent Plaintiff believes his constitutional rights were violated merely because Defendant Osinga rearranged his playing cards, drew an offensive mark on his wall, crushed his canteen purchases, or spilled something on his sweatshirt, he is wrong. Allegations of general harassment or teasing, while not laudable, do not state a constitutional claim. See <u>McDowell v. Jones</u>, 990 F.2d 433, 434 (8th Cir. 1993) (prisoner's general allegations that prison staff harassed him did not state a constitutional violation); <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983) (threatening language and gestures of a corrections officer do not generally violate an inmate's Eighth Amendment rights); <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughing at inmate and threatening to hang him did not violate the Constitution); <u>Rutledge v. Arizona Bd. of Regents</u>, 660 F.2d 1345, 1353 (9th Cir. 1981) (allegations of harassment, embarrassment and defamation are not cognizable under § 1983),

abrogated on other grounds by Haygood v. Younger, 769 F.2d 1350, 1356 (9th Cir. 1985); Graves v. North Dakota State Penitentiary, 325 F.Supp.2d 1009 (D.N.D. 2004) (dismissing as frivolous claim that prisoner's civil rights were violated when he was shown a racially insensitive drawing); Magwood v. Beem, No. 4:14cv314-MW/CAS, 2015 WL 796242, at *13 (N.D. Fla. Feb.25, 2015) ("In general, courts have held that verbal harassment, abuse, or taunting is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").

Although a prisoner can establish a First Amendment retaliation claim if he shows that he was penalized for exercising the right of free speech (such as by filing grievances), Plaintiff does not allege that Defendant Osinga's alleged actions were in retaliation for Plaintiff exercising his free speech rights. In fact, Plaintiff stated in the incident report that he did not know why Defendant Osinga vandalized his cell (Doc. 17-1 at 9).

The allegations against Defendant Osinga are due to be dismissed for failure to state a claim upon which relief may be granted.

### g. The Court will not exercise jurisdiction over Plaintiff's state law claims

Plaintiff appears to raise state-law claims (Doc. 17 at 3) (stating that he is raising claims of intentional infliction of emotional distress, malfeasance by jailer, and threat by

intimidation under Florida law).  It is unnecessary for this Court to consider the viability of Plaintiff's state-law causes of action.  Because Plaintiff's federal and constitutional claims are subject to dismissal, the only remaining claims in the amended complaint are state-law claims.  The supplemental jurisdiction statute provides that a district court "may decline to exercise supplemental jurisdiction" over pendent state law claims if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988).  Here, because all claims over which this Court had original jurisdiction are subject to dismissal, the undersigned will relinquish jurisdiction over the remaining state law claims.

Any state law claims are due to be dismissed without prejudice to refiling in the appropriate state court.[1]

ACCORDINGLY, it is hereby **ORDERED:**

1. Plaintiff's federal and constitutional claims are **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. All remaining state claims are **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling them in state court.

3. With no remaining claims or defendants, the Clerk of Court is directed to terminate all pending motions and deadlines, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___6th___ day of June, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Todd W. McGathey

---

[1] The Court takes no position as to the merits of Plaintiff's state law claims or his likelihood of success in state court.